# Herrington's Estate.

*Auditor—Conclusiveness of finding of fact—Guardian and ward.*

An auditor's findings of fact confirmed by the court below in a proceeding to surcharge a guardian's estate by the mother of a dead minor, will not be set aside by the appellate court, except for clear error.

*Appeals—Paper-books—Practice, S. C.*

A paper book containing more than one hundred pages of testimony in narrative form, printed in type so small as to unduly increase the labor of the appellate court, is subject to grave criticism.

Argued April 15, 1901. Appeal, Nos. 81 and 82, April T., 1901, by James B. Zimmerman, administrator of Henry Zimmerman, deceased, from decree of O. C. Green Co., June T., 1898, No. 4, overruling exceptions to auditor's report in the estate of Henry Zimmerman, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to account of H. B. Axtell, Esq., auditor. The case turned wholly on the questions of fact.

*Errors assigned* were in overruling exceptions to auditor's report.

*S. R. Huss,* with him *D. R. P. Huss,* for appellants.

*R. F. Downey,* for appellee.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901:

This litigation is a proceeding by the mother of a dead minor to surcharge the estate of a dead guardian because of the attempted misapplication of funds of the ward. The dead guardian was the grandfather of the minor and the father of the woman who now seeks to surcharge his estate and sureties on the ground that he assumed the personal support of his grandchild and lost his right to recoupment out of a pension fund which the guardian himself was instrumental in procuring. In any view of the case it presents a melancholy picture of domestic strife engendered by the possession of a small sum of money. Our duty is not, however, to moralize, but to apply the law to the case as it is presented. The appellants are the administrators of the estate of the dead guardian and the sureties of the guardian. The assignments are many. They are not argued severally. The appellants present their case in the form of a number of propositions founded upon the assignments. To reverse on any one of them involves the setting aside of a finding of fact made by an auditor and confirmed by the court on exception. The effect given by the appellate courts to facts so found, is well understood. We have given to the evidence a critical examination and can find nothing there sufficient to induce us to overturn the auditor's findings.

We cannot forbear criticism of the preparation of the paperbook, which in its appendix contains more than 100 pages of testimony in narrative form, printed in type so small as to unduly increase the labor of this court which, in the examination of facts, is always sufficiently arduous.

The decree is affirmed.